**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| LOAN DU, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 10-2331-DJW |
| | ) | |
| ELITE TECHNOLOGY, INC. | ) | |
| and EDDY KUO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Summary Judgment by Defendants Elite Technology, Inc. and Eddy Kuo (ECF No. 23). Defendants move for summary judgment under Fed. R. Civ. P. 56 on Count I of Plaintiff Loan Du's complaint alleging sexual harassment, in violation of Title VII of the Civil Rights Act of 1964[1] ("Title VII"). If summary judgment is granted on Plaintiff's Title VII claim, Defendants additionally request that the Court decline to exercise supplemental jurisdiction over her remaining state law claim. For the reasons set forth below, the motion is granted in its entirety.

**I.    Relevant Factual Background[2]**

Defendant Eddy Kuo ("Kuo") was the owner of Defendant Elite Technology, Inc. ("ETI"), a corporation organized under the laws of the state of Kansas and voluntarily dissolved on July 13, 2009. The Court will refer to Kuo and ETI collectively as "Defendants." Defendants employed Plaintiff Loan Du ("Plaintiff") as a warehouse employee beginning in 1997.

---

[1] 42 U.S.C. §§ 2000e to 2000e-17.

[2] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to Plaintiff, the non-moving party.

Plaintiff's employment at ETI ended with her resignation on May 16, 2009. On November 2, 2009, Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging that Kuo had sexually harassed her in violation of Title VII beginning in 2007 until her resignation in 2009. On June 13, 2010, Plaintiff filed this action against Defendants asserting her allegations of sexual harassment in violation of Title VII and asserting a state law claim for outrageous conduct. Defendants deny any wrongdoing.

## II.   Summary of the Parties' Arguments

Defendants move for summary judgment on the theory that they are not "employers" under Title VII, and therefore, are not subject to a lawsuit based on its provisions. Defendants argue that they are not "employers" under Title VII because they did not employ the requisite number of employees during the applicable time period to subject them to Title VII. Because whether Defendants are employers under Title VII is a substantive element of Plaintiffs' claim for relief, and not a jurisdictional issue,[3] Defendants attempt to point out Plaintiff's lack of evidence, and affirmatively negate, that they are covered by Title VII.

Kuo additionally argues that, as an individual, he is not an employer under Title VII. Therefore, his argument proceeds, even if ETI is an employer under Title VII, Plaintiff's Title VII claim against Kuo individually is improper. Accordingly, Kuo asserts that individually he is entitled to summary judgment both because he never employed the number of employees required by Title VII and individuals are not Title VII employers under binding Tenth Circuit precedent.

Finally, Defendants ask the Court to dismiss Count II of Plaintiff's complaint, which is a state law claim for outrageous conduct. The Court has supplemental jurisdiction over this claim

---

[3] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (holding that the numerical threshold does not circumscribe federal court subject-matter jurisdiction, but instead the employee-numerosity requirement relates to the substantive adequacy of the plaintiff's Title VII claim).

as a claim related to Plaintiff's Title VII action. Defendants request that the Court grant summary judgment on Plaintiff's Title VII claim and then dismiss Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c), which allows the dismissal of state law claims after all claims over which the Court has original jurisdiction have been dismissed.

Plaintiff responds to Defendants' position by asserting that a genuine dispute of material fact exists regarding the number of employees Defendants employed during the pertinent time period. In support of this position, Plaintiff alleges Defendants are "employers" under Title VII if they properly account for the number of employees during the applicable time period. Further, Plaintiff asserts that certain long-term employees of Kuo must be counted as employees of ETI because under applicable legal standards they qualify as Defendants' employees for purposes of Title VII. Plaintiff argues that Defendants' control over the means and manner by which these parties performed their work requires Defendants to count them as employees. Plaintiff provides her own affidavit and two affidavits of former ETI employees to support this position.

Plaintiff argues that the Court should exercise supplemental jurisdiction over her state law claim because summary judgment should be denied. But Plaintiff apparently concedes that dismissal of her state law claim is appropriate if summary judgment is granted.

## III. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."[4] In applying this standard, the Court views all the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party.[5] A dispute is considered

---

[4] Fed. R. Civ. P. 56(a).

[5] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"genuine" if there "is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6] An issue of fact is considered "material," if, under the substantive law, "it is essential to the proper disposition of the claim."[7]

The moving party has the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law.[8] In attempting to meet that standard, a moving party who does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the moving party need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim.[9] In such cases, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[10]

If the moving party carries this initial burden, then the nonmovant who would bear the burden of persuasion at trial may not simply "rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof."[11] To accomplish this, sufficient evidence pertinent to the material dispute must be identified by reference to an affidavit, a deposition transcript or an

---

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[7] *Id.* (citing *Anderson*, 477 U.S. at 248).

[8] *Matsushita*, 475 U.S. at 587 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[9] *Id.* (citing *Celotex*, 477 U.S. at 325).

[10] *Celotex*, 477 U.S. at 323.

[11] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

exhibit incorporated therein, or some other form of evidence that would be admissible at trial.[12] "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[13]

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment.[14] Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.[15] "[T]here are cases where the evidence is so weak that the case does not raise a genuine [dispute] of fact."[16] Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."[17]

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed 'to secure the just, speedy, and inexpensive determination of every action.'"[18]

---

[12] *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (citations and quotations omitted).

[13] *Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir. 1992) (citations omitted).

[14] *Duvall v. Ga.-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1260 (10th Cir. 2010).

[15] *Anderson*, 477 U.S. at 250-51.

[16] *Burnette v. Dow Chem. Co.*, 849 F.2d 1269, 1273 (10th Cir. 1988); *Wilkerson v. P.I.A. Topeka, Inc.*, 900 F. Supp. 1418, 1421 (D. Kan. 1995).

[17] *Anderson*, 477 U.S. at 251-52.

[18] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**IV.     Title VII Claim**

Title VII makes it unlawful for an employer to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."[19] Sexual harassment is a violation of Title VII and may be established "by proving that discrimination based on sex created a 'hostile or abusive work environment.'"[20] But Defendants are subject to Title VII only if they meet the statutory definition of "employer"—a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[21] In this case, the "current" calendar years are 2007, 2008 and, 2009, the years in which the alleged harassment occurred.[22] Thus, the analysis in this case revolves around how many people Defendants employed during 2006, 2007, 2008, and 2009.

In reviewing the antidiscrimination laws, the court must be mindful of the laws' remedial purposes, and liberally interpret their provisions to that end.[23] Importantly for this case, such liberal construction must also be extended to the definition of "employer" and "employee."[24]

---

[19] 42 U.S.C. § 2000e-2(a)(1).

[20] *Hearron v. Vioth Indus. Servs.*, No. 10-2422-KHV, 2011 WL 5080261, at *3 (D. Kan. Oct. 25, 2011) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986)).

[21] 42 U.S.C. § 2000e(b).

[22] *Jensen v. Johnson Cnty. Youth Baseball League*, 838 F. Supp. 1437, 1441 (D. Kan. 1993).

[23] *Wheeler v. Hurdman*, 825 F.2d 257, 262 (10th Cir. 1987).

[24] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 983 (10th Cir. 2002) (internal citations and quotation marks omitted).

Whether a person is an employee is not determined based on whether the person actually worked on any particular day but rather on whether an employment relationship existed on the day in question.[25] An "employment relationship is most readily demonstrated by [an] individual's appearance on the employer's payroll,"[26] but "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law . . . would not count."[27] Accordingly, *Walters* does not establish that only a wage or salary establishes an "employment relationship," but instead requires a test that considers additional factors. But "the ultimate touchstone under § 2000e(b) is whether an employer has *employment relationships* with fifteen or more individuals."[28]

The threshold number of employees for application of Title VII is an essential element of Plaintiff's claim for relief.[29] The determination of whether Defendants are employers under Title VII, in the absence of a conflict of material fact, is appropriate for the Court to resolve as a matter of law.[30] Thus, determination of employment status is a mixed question of law and fact.[31] Unless there is a genuine dispute as to a material fact or conflicting inferences that can be drawn from the undisputed evidence, the Court may determine employment status as a matter of law.

---

[25] *Walters v. Metro. Educ. Enters., Inc*., 519 U.S. 202, 206-08 (1997). *See also Ratzlaff v. MiraCorp, Inc.,* No. 09-2133, 2010 WL 3769201, at *2 (D. Kan. Sept. 21, 2010).

[26] *Walters,* 519 U.S. at 206.

[27] *Id.* at 211-12.

[28] *Id.* (emphasis added).

[29] *See Arbaugh*, 546 U.S. at 516.

[30] *Bryson v. Middlefield Volunteer Fire Dept., Inc.*, 656 F.3d 348, 352 (6th Cir. 2011).

[31] *Id.*

In support of their motion for summary judgment, Defendants point out the lack of evidence that Plaintiff has to support her claim that Defendants are covered by Title VII. Defendants submit Kuo's affidavit (ECF No. 24-1) and a spreadsheet chart he prepared purportedly depicting that ETI never employed fifteen people during the applicable time period. Although the affidavit was not supported by significant extrinsic evidence, it is sufficient for Defendants to meet their initial summary judgment burden of pointing out Plaintiff's alleged lack of evidence to create of a genuine dispute of material fact about whether Defendants meet the Title VII statutory definition of employer.

The burden then shifts to Plaintiff to set forth specific facts showing that there is a genuine dispute of material fact for trial. Plaintiff submitted three affidavits to contradict the evidence offered by Defendants. The affidavits submitted were those of Plaintiff Loan Du, former ETI employee Christina Gayler, and former manager of ETI, Eleno Salazar. In Plaintiff's affidavit, she asserts that she "recall[ed] six to eight persons who were regularly employed by other businesses . . . working at Elite Technology."[32] She specifically alleged that employees of Hypertech Computers ("Hypertech") and Rainbow Computers ("Rainbow") performed work for ETI and should be counted as ETI employees for purposes of Title VII. In a similar vein, Gayler's affidavit alleges that, although she was only required to work for ETI, numerous other employees of ETI, including Salazar and Lee Shaffer, were required to work for Hypertech and Rainbow.[33] Finally, Salazar's affidavit alleges that she was required to work for Rainbow while she was an employee of ETI.[34] Salazar's affidavit also disputes the accuracy of the spreadsheet

---

[32] Du Aff. (ECF No. 25-1) ¶ 4.

[33] Gayler Aff. (ECF No. 25-2) ¶ 3.

[34] Salazar Aff. (ECF No. 25-3) ¶ 4.

provided by Defendants. Her contention that the spreadsheet was inaccurate is solely based on her recollection that ETI employed "more than fifteen" employees.[35] Salazar concludes by alleging that Defendants intentionally misled the Court in computing the number of employees employed by ETI during the applicable period.[36]

In reply, Defendants provide extensive evidentiary material that supports their assertion that ETI never had fifteen or more employees. Plaintiff's conclusory affidavits are insufficient to create a genuine dispute of material fact in light of Defendants' Reply (ECF No. 30) and accompanying documentation.

To begin, the portions of the affidavits of Plaintiff and Salazar asserting that ETI employees were regularly required to work for other business entities with which Kuo was involved are not relevant to the issue of the number of employees employed by ETI. Nonetheless, Kuo disputes this assertion in his affidavit accompanying Defendants' Reply (ECF No. 30), but his objection is unnecessary because the only issue before the Court is the number of employees employed by ETI. Even if Plaintiff's allegations that ETI employees were required to work for other business entities is true, it does not demonstrate that Defendants had more employees than it claims in the material supporting this motion. Moreover, the allegation is insufficient for a reasonable fact finder to draw the inference that employees of other business entities were in an unreported employment relationship with ETI. Plaintiff's claim that ETI employees worked for other business entities is simply not probative with respect to the number of employees employed by ETI as either direct evidence or circumstantial evidence from which a favorable inference could be reasonably drawn.

---

[35] *Id.* ¶ 7.

[36] *Id.*

The affidavits of Plaintiff and Salazar that allege they "remember" or "recall" additional employees working for ETI are similarly insufficient to create a genuine dispute of material fact. In reply, Defendants provide detailed payroll records maintained by ETI accountant Li Ping that clearly demonstrate ETI never had fifteen or more employees on its payroll. In his affidavit accompanying Defendant's reply, Kuo has sworn to the accuracy of these records.[37] Thus, ETI's payroll is strong evidence against the existence of fifteen or more employment relationships. While the payroll is not necessarily dispositive of the issue of an employment relationship, the allegations offered in Plaintiff's supporting affidavits are insufficient to controvert the detailed documentation or sworn statements of Kuo. Likewise, the affidavits are mere allegations that are inadequate to provide a reasonable fact finder with grounds for drawing an inference that supports Plaintiff's claim. Plaintiff attempts to controvert the number of employees by offering only conclusory statements in affidavits. Defendants' reply both points out Plaintiff's lack of evidence for this position and affirmatively negates Plaintiff's position with probative, admissible evidence. Accordingly, Defendants have satisfied their burden in moving for summary judgment.

Based on the foregoing discussion, the Court concludes that Plaintiff's evidence is insufficient to controvert the number of employees employed by ETI during the applicable period. Because Plaintiff cannot support this element of her claim, there is no genuine dispute of material fact that should be submitted to the fact-finder for resolution. Accordingly, the Court must grant summary judgment for Defendants on Plaintiff's claim under Title VII.

Because Defendants did not employ the threshold number of employees during the relevant time period, Plaintiff's Title VII claim against both ETI and Kuo is dismissed. The

---

[37] Kuo Aff. (ECF No. 30-1) ¶ 12.

Court does not reach the issue of whether Kuo, as an individual, was an "employer" within the meaning of Title VII.

### V. Supplemental Jurisdiction over Plaintiff's State Law Claim

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. In light of the fact that the Court must dismiss Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for outrageous conduct. Accordingly, Count II of Plaintiff's Complaint is hereby dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by Defendants Elite Technology, Inc. and Eddy Kuo (ECF No. 23) is granted. Summary judgment is granted in favor of Defendants with respect to Plaintiff's Title VII sexual harassment claim (Count I of the Complaint).

**IT IS FURTHER ORDERED** that Plaintiffs' state law claim for outrageous conduct (Count II) against Defendant Kuo is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 10th day of February 2012.

                                               s/ David J. Waxse
                                               David J. Waxse
                                               United States Magistrate Judge

cc:    All counsel and *pro se* parties